UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANGLIN,<br><br>       Plaintiff,<br><br>   v.<br><br>HIFDHUULA A. ALROWHANY,<br><br>       Defendants | Case No.: 1:13-cv-01357 - LJO - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR HER FAILURE TO APPEAR AT THE SCHEDULING CONFERENCE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

     On March 31, 2014, the Court issued an order granting the parties' stipulation to continue the initial Scheduling Conference. (Doc. 12.) The Court Ordered the parties to file a status report no later than June 2, 2014, as well as "an amended joint scheduling report, as required by the Court's order setting mandatory scheduling conference." (Doc. 12 at 2, citing Doc. 4 at 3-8.) In the "Order Setting Mandatory Scheduling Conference," the parties were ordered to appear for a formal Scheduling Conference." (Doc. 4 at 1.) The Court explained: "Attendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel." (*Id*. at 2, emphasis in original.) However, Plaintiff Debra Anglin failed to comply with the Court's order to file a joint status report and an amended joint scheduling report, and did not appear at the Scheduling Conference held on June 16, 2014.

     The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why sanctions, up to and including terminating sanctions, should not be imposed for her failure to appear at the Court's Scheduling Conference and failure to comply with the Court's orders.

IT IS SO ORDERED.

Dated:   **June 17, 2014**                         **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE