Center for Disability Access
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Ray Ballister Jr., Esq., SBN 111282
Dennis Price, SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191
Fax: phylg@potterhandy.com

Attorneys for Plaintiff

Law Offices of Melissa M. Ballard
Linda J. L. Sharpe, State Bar No.: 94283
12009 Foundation Place, Suite 190
Gold River, CA 95670
**Mailing Address:** P.O. Box 2282, Brea, CA 92822
Phone: (714) 571-0407; Fax: (877) 369-5799
Direct Line: (916) 294-1176
E-Mail: Linda.Sharpe@thehartford.com

Attorneys for Defendants ABDUL ALROWHANY, DBA THE CELL PHONE STORE and MOHAMMED ALROWHANY, DBA THE CELL PHONE STORE ;

LEWIS BRISBOIS BISGAARD & SMITH LLP
SHANE SINGH, SB# 202733
2850 Gateway Oaks Drive, Suite 450
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444
Attorneys for Defendant HIFDUULAH ALROWHANY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANGLIN,<br>      Plaintiff,<br><br>vs. | Case No. 1:13-CV-01357-LJO-JLT<br><br>**CONSENT DECREE, STIPULATION AS TO LIABILITY AND ORDER** |

| | |
|---|---|
| ABDUL ALROWHANY, DBA THE CELL PHONE STORE;<br>MOHAMMED ALROWHANY, DBA THE CELL PHONE STORE ;<br>and DOES 1-10,<br><br>Defendants. | Judge:  Honorable Lawrence J. O'Neill |

TO THE COURT, ALL INTERESTED PARTIES AND ATTORNEYS OF RECORD:

1. Plaintiff DEBRA ANGLIN, filed this action (known as Case No. 1:13-CV-01357-LJO-JLT) against Defendant seeking money damages and injunctive relief for, *inter alia*, violations of the Americans with Disabilities Act of 1990 (the "ADA"), corresponding state law claims as well as common law claims in the United States District Court for the Eastern District of California on September 18, 2013. Defendants HIFDHUULAH A. ALROWHANY, ABDUL ALROWHANY, DBA THE CELL PHONE STORE & MOHAMMED ALROWHANY, DBA THE CELL PHONE STORE ("Defendants") filed their Answers to the First Amended Complaint on October 14, 2016 (HIFDHUULAH ALROWHANY) and October 16, 2014 (ABDUL ALROWHANY, DBA THE CELL PHONE STORE and MOHAMMED ALROWHANY, DBA THE CELL PHONE STORE).

2. Defendants and Plaintiff (herein collectively referred to as the "Parties" or separately as a "Party") wish to settle the portion of the cases relating to issues of injunctive relief and liability, hereby desire to enter into this Consent Decree, Stipulation as to Liability and Order ("Consent Decree"). The Parties hereby enter into this Consent Decree for the purpose of resolving certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability as to: (a) the amount of damages to which Plaintiff may be entitled or (b) the amount of attorneys' fees to which Plaintiff may be entitled.

**JURISDICTION:**

3. The Parties agree that the Court has jurisdiction of this matter for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. (the "ADA") and pursuant to supplemental jurisdiction under 28 U.S.C. §1367(a) for alleged violations of California Civil Code §§51 and 54. *et. seq.*

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties agree to entry of this Order to resolve all claims regarding injunctive relief raised in the above-entitled Actions. Accordingly, the Parties agree to the entry of the proposed Order related to this Consent Decree without trial or further adjudication of the issues addressed herein.

**NO DISMISSAL OF ACTION REQUESTED:**

5. As noted herein, the amount of monetary damages, penalties and fees are still at issue and accordingly the Parties do not request that the Honorable Court dismiss the action as these issues may still proceed to trial.

**WHEREFORE**, the Parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF AND LIABILITY ISSUES:**

6. The Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants and any other parties for injunctive relief with respect to issues addressed in or that could have been pled in the Complaint. Additionally, this agreement shall serve as an admission of liability on the part of Defendants

7. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and the 2010 Americans with Disabilities Act Standards, unless other standards are specifically agreed to in this Consent Decree and Order.

8. Remedial Measures: The corrective work agreed upon by the Parties is attached here to as Exhibit "A". Defendants agree to undertake all of the remedial work set forth therein.

9. Timing of Injunctive Relief: Exhibit "A" also includes the estimated timeframe for completing the work described therein. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the timeframes specified, Defendants or their counsel will notify Plaintiff's counsel, in writing, within fifteen (15) days after discovering any such difficulties. Defendants, or their counsel, will promptly notify Plaintiff's counsel when the corrective work is complete, and in any case, will provide a status report on or before August 1, 2016.

10. The Parties hereby stipulate and agree that: (i) on March 16, 2013, the door entry threshold at the Boost Mobile store was too high to be in compliance with the ADA and constituted a violation of the ADA; (ii) the height of the threshold was the sole cause of Plaintiff's fall and resultant injuries on March 16, 2013;(iii) as of March 16, 2013,Defendants (and each of them) were solely liable for the existence of the non-compliant condition of the threshold and; (iv) on March 13, 2015 through the present, each Defendant is and was an owner and/or operator of the Boost Mobile store and / or the owner of the real property upon which the Boost Mobile store is located. The above admission of and stipulation to liability shall preclude Defendants (at trial or before) from contesting liability for: (i) violation of the ADA and (ii) Plaintiff's injuries. Without limiting the generality of the foregoing, Defendants shall not produce or offer the testimony of any witnesses or seek to introduce any evidence that would seek to deny or contest liability or assign or apportion liability to any party other than Defendants. Defendants and Plaintiff shall stipulate to a jury instruction to effectuate the above agreement and stipulation. Notwithstanding the forgoing, Defendants are making no admission with respect to the amount of damages to which Plaintiff is entitled in excess of the $4,000 minimum statutory damages available pursuant to §52 of the Civil Code..

**ISSUES RELATED TO THE AMOUNT OF DAMAGES, ATTORNEYS FEES, LITIGATION EXPENSES, AND COSTS REMAIN UNRESOLVED:**

11. The Parties have not reached an agreement regarding the *amount* of Plaintiff's claims for damages or the amount of attorneys' fees, litigation expenses and costs in this Action (collectively, the "Unresolved Issues"). These Unresolved Issues shall be the subject of further negotiation, settlement, litigation, and/or motions to the Court. Should the Parties later reach an agreement regarding the Unresolved Issues; the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a waiver of either of Plaintiffs' past, present or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses or costs in connection with each of their alleged losses, costs, damages, claims and causes of action as set forth in each of the operative Complaints or otherwise.

**ENTIRE CONSENT ORDER:**

12. This Consent Decree, Stipulation as to Liability and Order and Exhibit "A", which is incorporated herein by reference as if fully set forth in this document, constitute the entire agreement between the signing Parties on all matters of injunctive relief and liability, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree, Stipulation as to Liability and Order, shall be enforceable regarding the matters of injunctive relief specifically described herein.

**TERM OF THE CONSENT DECREE AND ORDER AND SURVIVAL OF STIPULATION:**

13. This Consent Decree Stipulation as to Liability and Order shall be in full force and effect for a period of eighteen (24) months after the date of entry of this Consent Decree Stipulation and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for eighteen (24) months after the date of this Consent Decree, or

until the relief contemplated by this Order is completed, whichever occurs later. The Stipulation as to liability set forth in section 10 hereof shall survive the termination of the Court's jurisdiction hereunder.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, all other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effect as an original signature.

**AGREEMENT BINDING ON SUCCESSORS**

16. The Parties agree that the terms of this Consent Decree shall be bind them as well as their heirs, assigns and successors in interest.

Dated: July 9, 2015                                  CENTER FOR DISABILITY ACCESS

                                                     By:    /s/Phyl Grace

                                                     PHYL GRACE
                                                     Counsel for Plaintiff
                                                     DEBRA ANGLIN

Dated: July 9, 2015                                  LAW OFFICES OF MELISSA M.
                                                             BALLARD

                                                     By:    /s/Linda J.L.Sharpe

                                                     LINDA J. L. SHARPE
                                                     Counsel for Defendants
                                                     ABDUL ALROWHANY, dba THE CELL PHONE STORE & MOHAMMED ALROWHANY, dba THE CELL PHONE STORE

Dated: July 9,_, 2015                                        LEWIS BRISBOIS BISGAARD & SMITH

By:     /s/  S. Shane Singh     
S. SHANE SINGH,
Counsel for Defendant
HIFDHUULA A. ALROWHANY

IT IS SO ORDERED.

  Dated:   **July 13, 2015**                      **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE